(112 App. Div. 166)

### PEOPLE v. NEW YORK BUILDING LOAN BANKING CO.

### In re BACON'S CLAIM.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

ATTORNEY AND CLIENT—EVIDENCE—SUFFICIENCY.

> On a claim against the receiver of an insolvent corporation for legal services rendered to the corporation, evidence *held* insufficient to support a finding that the services were actually rendered.

Appeal from Judgment on Report of Referee.

Proceedings by the people of the state of New York for the dissolution of the New York Building Loan Banking Company, in which Charles M. Preston was appointed receiver after the entry of judgment dissolving the corporation, and Charles P. Bacon filed a claim for legal services rendered to the corporation. From a judgment in favor of claimant, the receiver appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Charles W. Dayton, for appellant receiver.
Julius M. Mayer, Atty. Gen., for the People.
John B. Stanchfield, for respondent.

PER CURIAM. The conclusion at which we have arrived renders it unnecessary to pass upon the contention raised by the appellants that the agreement is invalid, having been made by the first vice president and secretary without authority, because, even though it be assumed that a valid contract were made with the claimant, by which he was to receive $100 a day for services to be thereafter rendered to the corporation, we are of the opinion that the evidence does not sustain the finding that he did render under such contract 250 days' service. It nowhere appears what service was in fact rendered, except in the most general way, other than that he went to Albany several times, and had interviews with the Attorney General of the state with reference to proceedings which had been, or were about to be, taken to place the corporation in the hands of a receiver. What took place at these interviews or what was accomplished by them does not appear. He never represented the corporation as its attorney in any litigation, never tried any cases for it, nor did he ever appear in court or prepare a paper for it. All that he did, according to his own testimony, was to go to Albany and consult with the Attorney General (and he had no definite recollection as to when these trips were taken, because he kept no register), and give general advice to the officers of the corporation. The claim is an extraordinary one, and especially so in view of the slight evidence given to sustain it, the financial condition of the corporation at the time the claimant was retained, and the other attorneys which it then had in its employ. Before a claim for 250 days' service, rendered between November 5, 1902, and September 12, 1903, at $100 a day can be allowed against an insolvent corporation, evidence highly satisfactory and most convincing must be presented that the services were in fact actually rendered. Here all that appears is that the claimant went to Albany several times; that he was always at the corporation's disposal;

that he went to the office of the corporation "almost daily"; that between the date of the retainer and the time when the corporation went into the hands of a receiver, "each and every day, excluding Sundays," he acted under his retainer as legal adviser to the corporation, and was consulted daily by the first vice president "in a general way about the affairs of the company, including the reference." The establishment of these facts is not only not convincing or satisfactory, but is insufficient to sustain a finding that the services were in fact rendered.

The judgment appealed from, therefore, must be reversed, the referee discharged, and a new trial ordered before another referee, with costs to appellant to abide event.